**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           No. CV 09-0276 JC/LFG
                                                                                   CR 06-0760 JC

RICHARD D. BACA,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's two Motion[s] to Reopen Civil Proceeding Pursuant to Rule 60(b)(5) & (6) (CV Docs. 10, 12; CR Doc. 63) (the "motions") filed on March 28 and April 12, 2013.  The motions invoke rule 60(b) of the Federal Rules of Civil Procedure and ask the Court to reopen Defendant's proceeding under 28 U.S.C. § 2255, which was dismissed by order and judgment (CV Docs. 6, 7; CR Docs. 53, 54) entered on April 30, 2009.  In those orders the Court dismissed Defendant's § 2255 motion (CV Doc. 1; CR Doc. 49) as untimely filed.  The Court will dismiss the motions to reopen for lack of jurisdiction.

Defendant previously filed a § 2255 motion, and his rule 60(b) motions expressly challenge the Court's use of prior convictions in determining his criminal sentence.  "Under *Gonzalez*[ *v. Crosby*, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. . . . or . . . challenges a defect in the integrity of the federal habeas proceeding . . . that . . . lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition."  *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also United States v. Harrison*, 382 F. App'x

678, 680 (10th Cir. 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions."). Because Defendant's motions seek relief from his underlying conviction, the motions amount to second or successive § 2255 motions.

On the other hand, because Defendant previously filed a § 2255 motion, the Court will not recharacterize his rule 60(b) motions as § 2255 motions. A district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially 'barred as . . . second or successive under 28 U.S.C. § 2255.' " *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *United States v. Duggins*, 478 F. App'x 532, 533 (10th Cir. 2012) (affirming district court's refusal to recharacterize pleading as § 2255 motion). And because Defendant's rule 60(b) motions will not be recharacterized, the Court has no jurisdiction to consider them. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). Under the rulings in *Valadez-Camarena* and *Nelson*, the Court will dismiss Defendant's rule 60(b) motions for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's two Motion[s] to Reopen Civil Proceeding Pursuant to Rule 60(b)(5) & (6) (CV Docs. 10, 12; CR Doc. 63) filed on March 28 and April 12, 2013, are DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE